# EXHIBIT "A"

## Case Information

22-C-00052-S2 | TURNER VS CUMBERLAND MALL LLC et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| 22-C-00052-S2 | Division 2 | Bratton, Shawn F |
| File Date | Case Type | Case Status |
| 01/05/2022 | Tort - Premises Liability Tort* | Pending |

## Party

**Plaintiff**
TURNER, VICTORIA

Active Attorneys ▾

Attorney
OPPERMAN, KATHLEEN M
Retained

Attorney
SCHNEIDER, JASON T
Retained

Lead Attorney
WILLIAMSON, J CAMPBELL
Retained

Attorney
DUNCAN, JASON E
Retained

**Defendant**
CUMBERLAND MALL LLC

Active Attorneys ▾

Pro Se

Defendant
PONDSCO FACILITY SERVICES LLC

Aliases
*FKA* XECOM FACILITY MANAGMENT LLC

Active Attorneys ▾
Pro Se

Defendant
JOHN DOE CORP

Active Attorneys ▾
Pro Se

## Events and Hearings

| 01/05/2022 Complaint with Jury Demand |
| 01/05/2022 General Civil/ Domestic Relations Case Filing Info |
| 01/05/2022 Summons |
| 01/05/2022 Interrogatories |
| 01/05/2022 Request for Production |

01/12/2022 Affidavit of Process Server ▾

Comment
Affidavit of Service on Defendant Cumberland Mall, LLC

01/12/2022 Affidavit of Process Server ▾

Comment
Affidavit of Service on Defendant Pondsco

01/12/2022 Summons ▾

Served
01/07/2022

01/12/2022 Summons ▾

Served
01/07/2022

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-00052-S**
**1/5/2022 10:37 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| VICTORIA TURNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action |
| | )   File No. |
| CUMBERLAND MALL, LLC, PONDSCO | )      22-C-00052-S2 |
| FACILITY SERVICES, LLC f/k/a | ) |
| XENCOM FACILITY MANAGEMENT, | ) |
| LLC, and JOHN DOE CORPORATION, | ) |
| | ) |
|    Defendants. | ) |
| | ) |

### COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

COMES NOW Plaintiff in the above-styled civil action, and brings this Complaint against the above-named Defendants, and in support hereof, shows the Court as follows:

1.

Defendant Cumberland Mall, LLC ("Cumberland") is a foreign limited liability company with its principal office located at 350 N. Orleans St., Suite 300, Chicago, Illinois 60654.

2.

Defendant Cumberland's registered agent is Corporation Service Company, and its office is located in Gwinnett County at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. Defendant Cumberland is subject to this court's jurisdiction.

3.

Defendant Pondsco Facility Services, LLC ("Pondsco") f/k/a Xencom Facility Management, LLC is a foreign limited liability company with its principal office located at 1609 Precision Drive, suite 300, Plano, Texas 75074.

4.

Defendant Pondsco's registered agent is CT Corporation System, and its registered office is located in Gwinnett County at 289 S. Culver Street, Lawrenceville, Georgia 30046. Defendant Pondsco is subject to this court's jurisdiction.

5.

Defendant John Doe Corporation is an entity whose identity is unknown to Plaintiff at this time but is subject to this court's jurisdiction as a joint tortfeasor.

6.

Venue properly lies in this county pursuant to O.C.G.A. § 14-2-510(b)(1).

7.

At all relevant times, Defendant Cumberland owned and operated a mall named Cumberland Mall located at 2860 Cumberland Mall SE, Atlanta, Georgia 30339 ("the premises").

8.

At all relevant times, Defendant Xencom did, upon information and belief, provide operational and janitorial maintenance services at the premises.

9.

At all relevant times, Defendant John Doe Corporation did, upon information and belief, provide security and additional maintenance services at the premises.

10.

On March 3, 2020, Plaintiff was an invitee at the premises.

11.

At said place and time, Plaintiff slipped and fell on a clear, wet liquid on the floor near the Chik-Fil-A restaurant within the food court of the premises.

12.

Plaintiff was unable to visualize or appreciate the liquid on the floor.

13.

The liquid on the floor constituted a hazardous condition on the premises.

14.

No hazardous condition warnings were placed in a conspicuous location to warn Plaintiff of the hazard on the premises.

15.

Defendants had actual or constructive knowledge of the hazardous condition caused by the liquid on the floor.

16.

At said place and time, Defendants owed Plaintiff a duty to exercise ordinary care to keep the premises safe, to not injure Plaintiff by maintaining a hazardous condition, and to warn Plaintiff of any hazardous conditions on the premises.

17.

Defendants breached this duty of care by failing to keep the premises free of hazards, to not injure Plaintiff by maintaining a hazardous condition, by failing to warn Plaintiff of the hazardous condition on the premises and failing to regularly inspect and/or maintain the area so as to discover and remove hazards.

18.

As a direct and proximate result of Defendants' negligence, Plaintiff sustained personal injuries and incurred extensive charges for medical care in excess of $32,315.20 to-date and will incur additional medical and other expenses into the future.

19.

As a further result of Defendants' negligence, Plaintiff has suffered great physical and mental pain and suffering, inconvenience, inability to enjoy a normal life, a diminished capacity to work and labor, and Plaintiff is entitled to judgment against Defendants for a sum to be determined by the jury to constitute full and complete compensation for all of her injuries, past, present, and future.

WHEREFORE, Plaintiff prays for the following:

(a) That service of process issue upon Defendants as provided by law;

(b) That Plaintiff be awarded compensatory damages for medical and other expenses and general damages for pain and suffering, past, present and future in a sum and amount to be shown at trial in accordance with the enlightened conscience of an impartial jury;

(c) That Plaintiff have a trial by jury on all issues;

(d) The Plaintiff have such other and further relief as this Honorable Court deems just and proper under the circumstances.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

*/s/ Kathleen Edwards-Opperman*
Kathleen Edwards-Opperman
Georgia Bar No. 241460
Attorney for Plaintiff

MONTLICK & ASSOCIATES, P.C.
17 Executive Park Drive
Suite 300
Atlanta, Georgia 30329
(404) 235-5000

FILED IN OFFICE
CLERK OF STATE COURT
GWINNETT COUNTY, GEORG

**22-C-00052-S**
1/5/2022 10:37 AI
TIANA P. GARNER, CLER

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior or** ☒ **State Court of** Gwinnett _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** 22-C-00052-S2 |
| **MM-DD-YYYY** | |

**Plaintiff(s)**
Turner, Victoria

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Cumberland Mall, LLC

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Pondsco Facility Services, LLC f/k/a Xencom Facility Management LLC | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| John Doe Corporation | | | | |

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Campbell Williamson _____ **Bar Number** 841365 **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☒ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ **Case Number** _____ **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
22-C-00052-S
1/5/2022 10:37 AI
TIANA P. GARNER, CLER

# IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

**Victoria Turner**

PLAINTIFF

CIVIL ACTION NUMBER: 22-C-00052-S2

VS.

**Cumberland Mall, LLC, Podnsco Facility**

**Services, LLC f/k/a Xencom Facility**

Management, LLC and John Doe Corporation

DEFENDANT

# SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Campbell Williamson - Schneider Hammers LLC
5555 Glenridge Connector, Suite 975
Atlanta, Georgia 30342

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____ 5th day of January, 2022 _____, 20____.

Tiana P. Garner
Clerk of State Court

By_____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

CLERK OF STATE COURT
GWINNETT COUNTY, GEORG
**22-C-00052-S**
**1/5/2022 10:37 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

VICTORIA TURNER,                                    )
                                                   )
    Plaintiff,                                     )
                                                   )
v.                                                 )    Civil Action
                                                   )    File No.
CUMBERLAND MALL, LLC, PONDSCO                       )              22-C-00052-S2
FACILITY SERVICES, LLC f/k/a                        )
XENCOM FACILITY MANAGEMENT,                         )
LLC, and JOHN DOE CORPORATION,                      )
                                                   )
    Defendants.                                    )
_____            )

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANTS CUMBERLAND MALL, LLC AND PONDSCO FACILITY SERVICES, LLC

Plaintiff hereby serves these Interrogatories upon the above-named Defendants Cumberland Mall, LLC and Pondsco Facility Services, LLC ("Defendants"), as opposite parties and requests that they be fully answered in writing and under oath within forty-five (45) days of the date of service. These interrogatories are served pursuant to the Georgia Civil Practice Act and more specifically to the provisions of O.C.G.A. §§ 9-11-26 and 9-11-33.

1.

Do you contend that venue is improper in this Court, jurisdiction is lacking over you in this Court, or that service of process has been deficient on you in this matter? If so, please describe and state with specificity all factual and legal bases supporting any such contention(s).

2.

Do you contend that some other person or company, in whole or in part, is liable to Plaintiff in this matter or is liable, in whole or in part, to you? Please state "yes" or "no." If your answer

is in any way in the affirmative, state the full name, address, and telephone number of that person
or company and the specific basis for any such contention(s).

3.

Did any entity other than these defendants own or operate the Cumberland Mall located
at 2860 Cumberland Mall SE, Atlanta, Georgia 30339 on March 3, 2020.

4.

Describe in detail how you contend the incident described in the Complaint occurred.

5.

Identify any and all expert witnesses you expect to call at the trial of this matter (as defined
above), providing for each such expert the subject matter on which the expert is expected to testify,
the substance of the facts and opinions to which the expert is expected to testify, and a summary
of the grounds for each opinion.

6.

Identify any and all persons whom you know or suspect witnessed the subject incident, or
came upon the incident scene while the Plaintiff was still present.

7.

Identify any employees, representatives, agents, or independent contractors responsible for
maintaining the floors and cleaning services at Cumberland Mall which Plaintiff fell on March 3,
2020.

8.

Have you taken, or are you aware of, or have you obtained, any statement, be it oral or in
writing, from the Plaintiff, any witness or other person purporting to have knowledge of any aspect
of the subject incident?  If so, identify the name of the person who gave the statement, state what

was said by such person and state the name, address, and telephone number of anyone who overheard the statement or has possession, custody, or control of such statement, transcript, or summary of such statement.

9.

Identify any photographs, motion pictures, videotapes, surveys, charts, plats, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type of demonstrative evidence concerning the subject incident, the site of the subject incident, or which in any way illustrates any facts relevant to the subject incident. As to each item, please state the nature of such item; how many of such items exist; the name, address and employer of the person making/supplying such item; and the identity of the person who presently possesses such item.

10.

Describe the extent of your knowledge of the existence of the liquid in the premises at the location of Plaintiff's fall described in the Complaint. Please provide the length of time the liquid was on the ground on the second floor.

11.

Was an investigation or report made by you or on behalf of you, your representatives, attorneys, or insurers, of or relating to the incident made the basis of this lawsuit? If your answer is in any way in the affirmative, as to each such investigation or report, please state the name, address, job title and description, and telephone number of the person(s) who participated in such investigation or report and who have received and/or currently have custody or control of any written report or other documentation of the investigation.

12.

State whether or not an inspection protocol or policy and procedure was in effect at the subject location on the date of the subject incident and describe the protocol and identify any company documents that describe said protocol or policy and procedure.

13.

For each inspection protocol or policy and procedure identified above, state whether or not it was performed and if so, by whom and describe the results.

14.

State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to you for the claims made in this lawsuit:

    (a)    Name of each insurance company issuing policy;

    (b)    Applicable liability limits concerning each policy;

    (c)    Policy number of each policy;

    (d)    Types of insurance coverage carried;

    (e)    Whether or not the defense of this action has been tendered to such any such insurer;

    (f)    Whether defense has been accepted by each such insurer to whom defense has been tendered;

    (g)    Whether this Defendant has made any claims under said policy or policies as a result of the occurrence herein;

    (h)    The nature, extent, and amount of any such claim or claims with said insurer(s); and

(i)     Whether those claims have been paid by said insurer(s) and the amount of said payment(s).

15.

Were there video cameras in place at the subject establishment on the date of Plaintiff's fall? If so, state the following:

(a)     Were the cameras operating on the date of Plaintiff's fall?

(b)     The location of each camera and the area it filmed.

(c)     Did any camera film the area where Plaintiff fell?

(d)     Was the videotape(s) reviewed to see if it filmed Plaintiff's fall or any alleged inspection of the area of Plaintiff's fall prior to her fall? If so, by whom and when?

(e)     If any such videotape(s) exist, state the current location and custodian.

16.

What is your protocol for retaining videotapes:

(a)     In the ordinary course of business?

(b)     In the event of an incident such as an injury on the premises that may lead to a claim being presented to you?

(c)     Who was responsible for implementing this protocol at the subject store on the date of the subject incident?

17.

Please identify by name, address and telephone number the any employee who supervised the operations at the premises.

18.

Identify any and all work orders, complaints, or receipts relating to the cleaning and maintenance orders located at the subject Cumberland Mall.

19.

Identify the name, address, and telephone number of any persons or entities tasked with providing any maintenance services related to the premises described in Plaintiff's Complaint.

20.

Identify the name, address, and telephone number of any persons or entities tasked with providing security services in and around the premises described in Plaintiff's Complaint, including without limitation the identity of Defendant John Doe Corporation 1.

Respectfully submitted,

*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

CLERK OF STATE COUR
GWINNETT COUNTY, GEORG
**22-C-00052-S**
**1/5/2022 10:37 AI**
TIANA P. GARNER, CLER

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

VICTORIA TURNER,          )
          )
    Plaintiff,         )
          )
v.          )    Civil Action
          )    File No.
CUMBERLAND MALL, LLC, PONDSCO )       22-C-00052-S2
FACILITY SERVICES, LLC f/k/a    )
XENCOM FACILITY MANAGEMENT,  )
LLC, and JOHN DOE CORPORATION,  )
          )
    Defendants.       )
          )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS CUMBERLAND MALL, LLC AND PONDSCO FACILITY SERVICES, LLC

Plaintiff hereby requests pursuant to the Georgia Civil Practice Act, that Defendants Cumberland Mall, LLC and Pondsco Facility Services, LLC ("Defendants") produce to the law offices SCHNEIDER HAMMERS LLC, 5555 Glenridge Connector, Suite 975, Atlanta, Georgia 30342, no later than forty-five (45) days from the date of service, the documents and things described below that are in the possession, custody, and control of Defendants, its employees or subordinates, agents, and/or attorneys.

1.

Please produce a schematic of the subject Cumberland Mall located at 2860 Cumberland Mall SE, Atlanta, Georgia 30339 which indicates the location of the area of the subject incident and the location and direction of every camera within the subject property.

2.

Please produce true, accurate and complete copies of any and all documents relating to your contention that some other person or company is, in whole or in part, liable to Plaintiff in this matter or is liable, in whole or in part, to you in this matter.

3.

Please produce true, accurate and complete copies of any and all documents reflection who was the owner/operator of the subject Cumberland Mall on March 3, 2020.

4.

Please produce true, accurate and complete copies of any and all policies, procedures, training manuals, and other documents or things that pertain to injury accidents, safety, maintenance, inspection procedures and protocols for the subject premises.

5.

Please produce true, accurate and complete copies of any and all cleaning or inspection logs for the subject Cumberland Mall for the month of March 2020.

6.

Please produce true, accurate and complete copies of any and all records or documents indicating any repair, replacement or other maintenance (beyond daily cleaning) to the entrances at the subject Cumberland Mall for the year of 2020.

7.

Please produce true, accurate and complete copies of any report(s) of each and every individual you expect to call at the trial of this matter to offer opinion or expert testimony in any way related to the subject incident or to any issue in this matter.

8.

Please produce true, accurate and complete copies of any and all photographs, diagrams, videotapes, maps, plats, charts, or other graphic, pictorial, or demonstrative evidence reflecting the scene of the subject incident of Plaintiff's fall.

9.

Please produce any and all documents, forms, electronic data, or otherwise which contain a record of any and all review of any and all video surveillance which captured the incident, the last reasonable inspection, and how long the hazard condition remained on the floor where the subject incident occurred.

10.

Please produce true, accurate and complete copies of any and all statements of Plaintiff, any witness or other individual purporting to have knowledge of the subject incident.

11.

Please produce true, accurate and complete copies of any and all similar incidents resulting in injury occurring at the subject Cumberland Mall.

12.

Please produce true, accurate and complete copies of any and all policies of insurance (to include the Declarations pages and Certificate of Coverage) which do or may afford liability insurance coverage to this Defendant for the claims made in this lawsuit.

13.

Please produce any videotape or photographs of the Plaintiff in your possession.

14.

Please produce the personnel files for any and all employees or contractors responsible for maintenance and inspections on duty on the date of the subject incident.

15.

Please produce any documents or tangible things upon which you base your denial of liability for the damages alleged in the Complaint, or which you claim supports your denial of liability or denial of the amount of damages.

16.

Please produce a list of all of your employees, contractors, agents, or representatives who worked at the subject Cumberland Mall on the date of the incident.

17.

Please produce all documents obtained through Requests to Non-Parties pursuant to O.C.G.A. § 9-11-34.

18.

Please produce true, accurate and complete copies of any documents that reflect the name, address, and telephone number of any persons or entities tasked with providing any security services related to the premises described in Plaintiff's Complaint, including Defendant John Doe Corporation 1.

Respectfully submitted,


*/s/ Campbell Williamson*
Jason T. Schneider
Georgia Bar No. 629549
Campbell Williamson
Georgia Bar No. 841365
Jason E. Duncan
Georgia Bar No. 557510
Attorneys for Plaintiff

SCHNEIDER HAMMERS LLC
5555 Glenridge Connector
Suite 975
Atlanta, Georgia 30342
(770) 900-9000

 CT Corporation

**Service of Process Transmittal**
01/07/2022
CT Log Number 540844958

TO:     Mike Whitlock
        Pondsco
        1609 PRECISION DRIVE, SUITE 3000
        PLANO, TX 75074

RE:     **Process Served in Georgia**

FOR:    PONDSCO FACILITY SERVICES, LLC  (Domestic State: TX)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: VICTORIA TURNER // To: PONDSCO FACILITY SERVICES, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 22C00052S2 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/07/2022 at 12:13 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air<br><br>Image SOP<br><br>Email Notification,  Mike Whitlock  mike.whitlock@pondsco.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>289 S. Culver St.<br>Lawrenceville, GA 30046<br>**866-539-8692**<br>CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.